```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
JOANNA AUZ,                                                   :
                                      Plaintiff,              :
                                                              :         12 Civ. 417 (LGS)
              -against-                                       :
                                                              :         OPINION AND ORDER
CENTURY CARPET, INC, ET AL.,                                  :
                                      Defendants.             :
                                                              :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

This is an action for negligence by Plaintiff Joanna Auz against Defendants Tanner Barrett ("Barrett") and Century Carpet, Inc. ("Century Carpet") (together, "Defendants"). The claim arises from an automobile accident that occurred on July 11, 2009, at the intersection of Second Avenue and East 57th Street in Manhattan. Plaintiff moves for partial summary judgment on the issue of liability. For the reasons discussed below, Plaintiff's motion is denied.

**I.     Facts**

The facts are taken primarily from the parties' Rule 56.1 Statements, as well as from other parts of the parties' summary judgment submissions, and are construed in the light most favorable to Defendants, the nonmoving party. The facts are undisputed unless otherwise noted.

On July 11, 2009, Plaintiff was driving her 2001 Hyundai Electra southbound on Second Avenue in Manhattan. Plaintiff stopped her vehicle at a traffic light on Second Avenue where it intersects with 57th Street; she was first in line either in the lane closest to the right curb or in the second lane from the right curb, with a bus lane to her right. Plaintiff provides evidence that, had the accident not occurred, she intended to proceed straight through the traffic light, continuing

southbound on Second Avenue. Defendants provide evidence that, had the accident not occurred, Plaintiff intended to make a right turn onto 57th Street.[1]

On the same day at roughly the same time, Defendant Barrett was driving his 2006 Ford E350 Econo Van in the course of his employment with Defendant Century Carpet. Barrett stopped his vehicle at a traffic light on the 59th Street Bridge in the middle lane of three left turning lanes; he then turned left onto Second Avenue. Barrett entered Second Avenue in the third or fourth lane from the right curb and then changed lanes several times, moving towards the right curb with the intention of turning right on 57th Street. Barrett stopped his vehicle at a traffic light on Second Avenue where it intersects with 57th Street; he was first in line in the second lane from the right curb.

Barrett then proceeded to turn right onto 57th Street. Plaintiff provides evidence that Barrett attempted to turn around a bus traveling in the lane to the right of Barrett. Defendants provide evidence that Barrett did not attempt to turn around a bus, as the bus in the lane to Barrett's right was stopped and further behind the intersection than was Barrett's vehicle.

Barrett's vehicle and Plaintiff's vehicle then collided with each other at or near the intersection of Second Avenue and 57th Street. Plaintiff provides evidence that, before crossing the intersection, her vehicle was struck on the driver's side by Barrett's vehicle as Barrett attempted to turn right. Defendants provide evidence that Barrett was one-half to three-fourths

---

[1] Defendants' evidence that Plaintiff intended to make a right turn on 57th Street is in the form of a statement attributed to Plaintiff in the police report concerning the accident at issue. Plaintiff argues that the police report and the statements contained therein are inadmissible hearsay and therefore cannot be considered on summary judgment. This argument fails. "Hearsay evidence is admissible at the summary judgment stage if the contents would otherwise be admissible at trial." *Century Pacific, Inc. v. Hilton Hotels Corp.*, 528 F. Supp. 2d 206, 215 (S.D.N.Y. 2007). It is likely that the police report would be admissible either as a business record under Federal Rule of Evidence ("FRE") 803(6), or as a public record under FRE 803(8). *See Goldstein v. Laurent*, No. 09 Civ. 2437, 2011 WL 3586447, at *4 (S.D.N.Y. August 2, 2011). In the alternative, the police officer could possibly testify as a live witness. The statement itself is attributed to Plaintiff and is therefore a party admission, which is non-hearsay under FRE 801(d)(2). *See id.*

through his right turn onto 57th Street when his vehicle was hit by Plaintiff's vehicle on the rear side door by the back tire. Neither party saw the other party's vehicle before the collision.

## II.     Legal Standard

The standard for summary judgment is well established. Summary judgment is appropriate only where the record before the Court establishes that there is no "genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must construe the evidence in the light most favorable to the nonmoving party and must draw all reasonable inferences in the nonmoving party's favor. *See id.* at 255. Summary judgment is unlikely in a negligence action because the question of negligence, as well as the underlying facts, are often disputed.

## III.     Discussion

Plaintiff moves for partial summary judgment on the issue of liability. Summary judgment is not appropriate in this case, however, as there are genuine disputes over material facts, which must be resolved by a jury before the issue of liability may be properly decided. Most glaring is that the parties' sworn deposition testimony reveals a genuine factual dispute as to how the collision itself occurred, *i.e.*, who hit whom, which is certainly material to the issue of liability. Plaintiff testified that the front of Barrett's van struck her car on its driver's side. Barrett, on the other hand, describes the point of impact completely differently, testifying that Plaintiff's car hit his van on its rear side door by the back tire.

There are also other genuine factual disputes material to the issue of liability, including but not limited to: 1) where, in relation to the intersection of Second Avenue and 57th Street, the two vehicles were positioned when the accident occurred; 2) which vehicle entered the

intersection first; 3) whether Plaintiff was heading straight through the intersection or was making a right turn; 4) the position of the bus on Second Avenue; 5) whether Barrett tried to turn around the bus; 6) whether Barrett violated any traffic laws; 7) whether any traffic law violation was the proximate cause of the accident; and 8) whether Plaintiff was comparatively negligent.

"In order to establish a prima facie case of negligence under New York law, a claimant must show that: (1) the defendant owed the plaintiff a cognizable duty of care; (2) the defendant breached that duty; and (3) the plaintiff suffered damage as a proximate result of that breach." *Stagl v. Delta Airlines, Inc.*, 52 F.3d 463, 467 (2d Cir. 1995) (citing *Solomon v. City of New York*, 489 N.E.2d 1294, 1294 (N.Y. 1985)).  It is clear that Defendants owed a cognizable duty of care to Plaintiff, as "drivers have a duty to see what should be seen and to exercise reasonable care under the circumstances to avoid an accident." *Johnson v. Phillips*, 261 N.Y.S.2d 545, 547 (1st Dept. 1999) (internal quotation marks omitted).  However, due to significant disputes over the facts surrounding the accident, including disputes over who initiated the impact and where on the vehicles the impact occurred, it is impossible at this stage of litigation to determine whether Defendants breached the duty owed Plaintiff, and whether any breach was the proximate cause of the collision at issue.

Plaintiff argues that Defendants should be found negligent per se because Barrett allegedly violated several provisions of the New York Vehicle and Traffic Law. "When a statute designed to protect a particular class of persons against a particular type of harm is invoked by a member of the protected class, a court may, in furtherance of the statutory purpose, interpret the statute as creating an additional standard of care." *Dance v. Town of Southampton*, 467 N.Y.S.2d 203, 206 (2d Dept. 1983).  "Violation of such a statutory standard, if unexcused, constitutes negligence per se so that the violating party must be found negligent if the violation is proved." *Id.*  Yet, here, Plaintiff has not proved that Barrett violated any traffic laws.  There is no evidence

in the record that Barrett was issued a traffic citation. Also, because material facts concerning the movement of the two vehicles are in dispute, it is not possible to determine whether Barrett violated a statute until a jury decides what actually happened.

Moreover, even if Barrett did violate a traffic law and was therefore negligent per se, this would not definitively determine liability. "Negligence per se is not liability per se . . . because the protected class member still must establish that the statutory violation was the proximate cause of the occurrence." *Id.* Here, as the parties cannot even agree about who collided into whom, Plaintiff has not established that a traffic violation was the proximate cause of the collision. It is possible that Barrett violated a traffic law, but that this violation did not cause the accident. It is also possible that Plaintiff was comparatively negligent in causing the accident.

Plaintiff argues that she cannot be found comparatively negligent because she did not have any warning or opportunity to react before Barrett's alleged traffic violation caused the collision. However, due to the material factual disputes about the accident and the moments leading up to it, the evidence in the record does not definitively establish that Plaintiff was not negligent. "There can be more than one proximate cause of an accident, and the issue of comparative negligence is generally a question for the jury to decide." *Jahangir v. Logan Bus Co., Inc.*, 933 N.Y.S.2d 402, 403 (2d Dept. 2011). Therefore, the issue of liability cannot be decided on summary judgment as there are multiple issues of triable fact for the jury.

### IV.     Conclusion

For the reasons discussed above, Plaintiff's motion for partial summary judgment on the issue of liability is DENIED.

SO ORDERED.

Dated: January 16, 2014
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE